# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | John W. Darrah |
|---|---|---|---|
| **CASE NUMBER** | 93 C 6333 | **DATE** | 10/17/2002 |
| **CASE TITLE** | | OLE K. NILSSEN vs. MOTOROLA, INC. | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Nilssen's motion for entry of dismissal order is granted in part and denied in part. Osram is to be named in the dismissal order, and the previous rulings in this case will not be vacated in the dismissal order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

OCT 2 1 2002
date docketed

docketing deputy initials

**Document Number**

265

| LG | courtroom deputy's initials |
|---|---|

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

DOCKETED

OCT 2 1 2002

| | |
|---|---|
| OLE K. NILSSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Nos.   93 C 6333 |
| v. | ) 96 C 5571 |
| | ) |
| MOTOROLA, INC. and MOTOROLA | ) |
| LIGHTING, INC., | ) Judge John W. Darrah |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ole K. Nilssen ("Nilssen"), commenced a multi-count complaint against Motorola, Inc. and its subsidiary, Motorola Lighting, Inc. (collectively "Motorola"), alleging Motorola violated patent, contract, and trade secret rights (93 C 6333). Subsequently, Nilssen filed a new patent action (96 C 5571) and retained the state-law theories under the original docket number.

The two cases have been in front of three District Court judges; and 93 C 6333 has been before the Seventh Circuit, which remanded the case with instructions to consolidate the original proceeding (93 C 6333) with the patent infringement case (96 C 5571).

As to the patent infringement case, all three judges issued opinions concerning the claim construction of the patents at issue. Furthermore, cross-motions for summary judgment were filed before Judge Darrah as to the patent claims. The motions for summary judgment were referred to a special master in light of the complexity of the case. The special master issued his recommendations, and this Court granted in part and denied in part both parties' motions for summary judgment.

Prior to the time that this Court issued its decision on the cross-motions for summary judgment, the parties engaged in mediation in an effort to settle their long standing disputes. As a result of the mediation, the parties entered into a handwritten settlement agreement on February 23, 2002. The handwritten settlement agreement released Motorola from liability with respect to activities occurring before March 1, 2000. In light of the settlement, Nilssen has filed a Motion for Entry of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).

An action may be dismissed at the plaintiff's request "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2); *see also McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985) (Rule 41(a)(2) "usually comes into play when the parties are unable to agree on the terms of dismissal").

Motorola objects to two paragraphs within the proposed dismissal order, and the parties have agreed to have the Court rule on the objections. Motorola first objects to Nilssen's inclusion of Osram Sylvania ("Osram") in the paragraph relating to the dismissal with prejudice of claims against Motorola. Osram purchased the products that are at issue in the suit, and Nilssen has filed a separate suit against Osram.

Nilssen seeks to include in the statement concerning the release of claims against Motorola: "This dismissal with prejudice of claims against Motorola ... shall not in any way limit any cause of action Nilssen is asserting or may assert against the successor to Motorola Lighting, Inc., namely, Osram Sylvania, Inc., and its affiliates." Motorola objects because Osram is not a named party or part of the present suit; therefore, there is no reason to include Osram in the dismissal order. Nilssen seeks to include the statement to clarify that Osram is not released of any claims asserted by Nilssen.

It is undisputed that Osram is not a party to the present suit and was not involved in the

2

mediation or settlement of the case between the parties. Osram is the successor to Motorola Lighting, Inc., and its was the parties' intent not to include Osram in the release. Therefore, the inclusion of Osram in the dismissal order will not prejudice or harm Motorola. Accordingly, Osram is to be named in the dismissal order.

Nilssen also seeks to have this Court vacate all the prior rulings in this case via the dismissal order.

The determination of whether or not to vacate a previously issued decision is an equitable one, which falls within the discretion of the court. *See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27 (1994 (*U.S. Bancorp*). In *U.S. Bancorp*, the Court held that a federal reviewing court should not vacate an order merely because the parties have rendered the case moot by entering into a settlement agreement unless "exceptional circumstances" exist that "counsel in favor of such a course". *U.S. Bancorp*, 513 U.S. at 25, 29.

While the *U.S. Bancorp* decision dealt with vacatur of district court opinions by appellate courts, a number of courts have applied the same reasoning and "exceptional circumstances" standard when deciding whether to vacate an order. *See e.g., Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 121 (4th Cir. 2000) (*Paige*)(holding that the "exceptional circumstances" standard is applicable to district court's vacatur of its own orders); *In re Memorial Hosp. of Iowa County, Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988) (vacated decisions have persuasive force; however, vacation "clouds and diminishes the significance" of such decisions); *Allen-Bradley Co. v. Kollmorgen Corp.*, 199 F.R.D. 316, 318 (E.D. Wis. 2001) (*Allen-Bradley*); *Bartholic v. Scipto-Tokai Corp.*, 140 F. Supp. 2d 1098, 1122 (D. Col. 2000); *Avellino v. Heron*, 181 F.R.D. 294, 295-96 (E.D. Penn. 1998) (*Avellino*); *Jewelers Vigilance Coop. v. Vitale, Inc.*, 177 F.R.D. 184, 186 (S.D.N.Y. 1998); *Keeler*

3

*v. Mayor & City Council of Cumberland*, 951 F. Supp. 83, 83 (D. Md. 1997)(collectively applying the "exceptional circumstances" standard).

As fully set forth in *Paige*, there are several reasons that the *U.S. Bancorp* standard would apply to a district court as well as the appellate courts. *See Paige*, 211 F.3d at 118-20. First, the relief sought is the same and is equitable in nature with a general presumption against granting such relief. Second, there is nothing in the language of respective vacatur authorities that would require or suggest that different equitable standards should govern the exercise of vacatur powers in the different courts. And third, there are no considerations that would be relevant to the inquiry beyond those identified in *U.S. Bancorp*. *See Paige*, 211 F.3d at 118-20.

Based on the above, the standard as set forth in *U.S. Bancorp* will be applied to the present motion.

Nilssen argues that vacatur is appropriate in the instant case because Nilssen has other pending patent infringement actions against two other parties. Absent vacatur, settlement would be discouraged because the parties are faced with potential arguments of issue preclusion.

Nilssen's argument is not persuasive. Nilssen does not identify why settlement will be hindered in the other cases absent vacatur of all of the courts' previous rulings. Nilssen points out that the parties in the other suits may argue issue preclusion unless the rulings are vacated. However, such considerations may actually enhance the chance of settlement because the parties already are aware of several rulings, including claim construction of the patents at issue. As the Court stated when discussing the effect of its ruling on settlement during the appellate review: "We find it impossible to assess the effect of our holding, either way, upon the frequency or systematic value of settlement." *U.S. Bancorp*, 513 U.S. at 28.

4

Nilssen also argues that vacating the rulings will enhance judicial economy because the Court would not have to rule upon any motions the parties may bring concerning collaterally estopping Nilssen in his other litigation. Furthermore, the Court can easily "fall back" on its earlier rulings in the absence of any new compelling arguments.

Nilssen's argument ignores that it wishes the Court to vacate all of its previous rulings. These include rulings by three different judges spanning over nine years of litigation. Several include claim construction of patents. Furthermore, the patents at issue are complex, and a special master was required due to the degree of technical complexity. Vacating all the previous rulings in these matters would likely require many of these already decided issues to be re-examined. Contrary to Nilssen's assertion, the Court cannot simply "fall back" on its and the other two other judges' rulings. Instead, the Court would be required to assess each argument anew and rule again on possibly the same previously argued issues.

Nilssen also argues that vacatur would prevent issue preclusion. However, Nilssen fails to demonstrate why avoiding issue preclusion constitutes an exceptional, or even significant, circumstance.

Lastly, Nilssen argues that vacatur will not harm the public interest because vacatur would not eliminate the persuasive value of the prior rulings. Nilssen's argument downplays the importance of this and the previous judges' rulings and interest the public has in such rulings because of the issues decided and the public money that was expended over the last nine years of litigation in the instant cases. *See U.S. Bancorp*, 513 U.S. at 26 ("Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would

be served by a vacatur."); *Allen-Bradley*, 199 F.R.D. at 320 (claim construction orders, like most court decisions, affect public interest beyond those of the parties to the action); *Avellino*, 181 F.R.D. at 297 (denying motion to vacate prior rulings because no public interest would be served by vacatur).

Based on the above, Nilssen has failed to demonstrate that "exceptional circumstances" warrant vacatur of the previous rulings in the instant cases.

For the foregoing reasons, Nilssen's Motion for Entry of Dismissal Order is granted in part and denied in part. Osram is to be named in the dismissal order, and the previous rulings in this case will not be vacated in the dismissal order.

Dated: October 17, 2002

JOHN W. DARRAH
United States District Judge